859 Seventh Avenue Corporation, Plaintiff, *v.* James P. Dymock and Others, as Executors of the Last Will and Testament of John Hardy, Deceased, Defendants.

Supreme Court, New York Special Term, March 30, 1925.

**Landlord and tenant — lease — option to purchase during first five years of demised term — lease dated June 1, 1918 — lease provided that tenant had hired " for a term from the day of the date hereof to the end and termination of 21 years to begin on the 1st day of May, 1919 " — term began on June 1, 1918 — option to purchase thereunder began on said date.**

Under a lease dated June 1, 1918, providing that the tenant had hired " for a term from the day of the date hereof to the end and termination of 21 years to begin on the 1st day of May, 1919," and further providing for an option to purchase " during the first five years of the demised term," and that the first period

for the payment of rent should run from the date of the lease up to the 1st day of May, 1919, the demised term began on the 1st day of June, 1918, and the period provided for the exercise of the option began to run on said date.

ACTION for specific performance of option to purchase contained in lease.

*Abr. A. Silberberg,* for the plaintiff.

*Douglas Mathewson* [*Edward J. Martin* of counsel], for the defendants.

LEVY, J.:

This is an action in specific performance brought by the plaintiff, in part, to compel the defendant James P. Dymock to convey to it certain premises located at 859 Seventh avenue in the city of New York for a consideration of $268,000. Plaintiff held the premises in question under a lease which among other things provided for an option in it to purchase the same " during the first five years of the demised term." What was this term? The instrument was dated the 1st of June, 1918, and provided that the landlord had let and the tenant had hired " for the term from the day of the date hereof to the end and termination of 21 years to begin on the 1st day of May, 1919." Concededly, plaintiff did not exercise its option until the 18th day of January, 1924, and contends that its time to give notice of intention to purchase ran from the 1st day of May, 1919, and that five years had not elapsed when such notice was actually given. To this defendant replies that the term began on the 1st day of June, 1918, and that the plaintiff's time to give notice of such intention expired on June 1, 1923. I am satisfied from an examination of this instrument and the evidence adduced at the trial that the intention of the parties was clearly and unequivocally set forth in the lease, that no mutuality of mistake was made, and that no element of fraud enters into the transaction. As matter of fact, none was claimed. The plain and unambiguous meaning of the clause " for the term from the day of the date hereof to the end and termination of 21 years to begin on the 1st day of May, 1919," was that the demised term was to begin on the 1st day of June, 1918. It could not be otherwise. The language specifically so states. I am fortified in my conclusion by the provisions in the lease for the payment of rent for different periods embodied in the first clause of the lease, the first period of which was to run from the day of the date up to the 1st day of May, 1919; the next, a ten-year period of the term from the 1st day of May, 1919, to May 1, 1929; the next, a five-year period from May 1, 1929, to May 1, 1934, and the remaining six-year period from May 1, 1934, to May 1, 1940.

If it had been the intention of the parties that the demised term was to commence on the 1st day of May, 1919, it would have been futile to insert a provision for the payment of rent from the 1st of June, 1918, to the 1st day of May, 1919. The lease would then have remained silent on that point. Its very inclusion makes it perfectly obvious that the demised term was to commence on the 1st of June, 1918. In addition, the proof convinces me that this was the understanding when the instrument was executed. It, therefore, follows that the plaintiff not having served notice upon the defendant of its intention to purchase until the 18th day of January, 1924; the same was not due and timely and, as there is nothing in the record that warrants reformation, plaintiff is not entitled to a decree of specific performance. Submit findings, conclusions and judgment in conformity with this decision.